**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | |
|---|---|
| TOP SURE INVESTMENTS, INC.,<br>3604 Canoe Birch Ct.,<br>Fairfax, VA 22033,<br><br>    Plaintiff,<br><br>v.<br><br>MARCK PROPERTIES GROUP, LLP<br>31 Triple Crown Court,<br>North Potomac, MD 20878,<br><br>      Serve On Resident Agent:<br>      Robert A. Moore,<br>      31 Triple Crown Court,<br>      North Potomac, MD 20878,<br><br>ROBERT A. MOORE, LLC,<br>31 Triple Crown Court,<br>Potomac, MD 20878,<br><br>      Serve On Resident Agent:<br>      William Jones ,<br>      6368 Coventry Way,<br>      Suite 199,<br>      Clinton, MD 20735,<br><br>ROBERT A. MOORE<br>31 Triple Crown Court<br>Potomac, MD 20878,<br><br>WILLIAM L. JONES, LLC,<br>6368 Coventry Way,<br>Suite 199,<br>Clinton, MD 20735,<br><br>      Serve On Resident Agent:<br>      Robert A. Moore,<br>      31 Triple Crown Ct.,<br>      Potomac, MD 20878, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No.:_____ |

WILLIAM L. JONES,                             )
6368 Coventry Way,                            )
Suite 199,                                    )
Clinton, MD 20735,                            )
                                              )
CLEARVIEW SETTLEMENT SOLUTIONS, LLC,          )
1340 Smith Avenue,                            )
Suite 200,                                    )
Baltimore, MD 21209,                          )
                                              )
    Serve On Resident Agent:      )
    Holly Edelstein,              )
    1340 Smith Avenue,            )
    Suite 200,                    )
    Baltimore, MD 21209,          )
                                              )
HOLLY EDELSTEIN,                              )
1340 Smith Avenue,                            )
Suite 200,                                    )
Baltimore, MD 21209,                          )
                                              )
HARD MONEY BANKERS, LLC,                      )
10015 Old Columbia Rd.,                       )
Suite H-125                                   )
Columbia, MD 21046,                           )
                                              )
    Serve On Resident Agent:      )
    Jeffery P. Schiller, Esquire  )
    10015 Old Columbia Rd.,       )
    Suite H-125                   )
    Columbia, MD 21046            )
                                              )
MRC INVESTMENTS, LLC,                         )
2901 Bidle Rd.,                               )
Middletown, MD 21769,                         )
                                              )
    Serve On Resident Agent:      )
    Leonard F. Mongeon,           )
    10015 Old Columbia Rd.,       )
    Suite H-125,                  )
    Columbia, MD 21046,           )
                                              )

BENJAMIN P. SMITH, ESQUIRE,                          )
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.         )
12505 Park Potomac Avenue, Sixth Flr.,               )
Potomac, MD 20854,                                   )
                                                     )
    Serve On Resident Agent:             )
    The Corporate Services Company       )
    1100 New York Avenue, N.W.           )
    Washington, D.C. 20005,              )
                                                     )
STEPHEN A. METZ, ESQUIRE,                            )
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.         )
12505 Park Potomac Avenue, Sixth Flr.,               )
Potomac, MD 20854,                                   )
                                                     )
    Serve On Resident Agent:             )
    The Corporate Services Company,      )
    1100 New York Avenue, N.W.           )
    Washington, D.C. 20005,              )
                                                     )
DISTRICT OF COLUMBIA WATER AND SEWER                 )
AUTHORITY                                            )
810 First Street, N.E.                               )
Washington, D.C. 20002,                              )
                                                     )
    Serve On:                            )
    Mayor Muriel Bowser                  )
    1350 Pennsylvania Ave., N.W.         )
    Washington, D.C. 20004               )
                                                     )
    and                                  )
                                                     )
    Office of Corporation Counsel        )
    441 4th St., N.W. No. 1060 North     )
    Washington, D.C. 20001,              )
                                                     )
    Defendants.                          )
                                                     )

**COMPLAINT**

Now Comes the Plaintiff, Top Sure Investments, Inc. ("Plaintiff"), by and through its' un-
dersigned counsel Michael A. Coogen, Jr., Esquire and Coogen Law, PLLC, and for its causes
of action states:

## The Parties

1.  Plaintiff, Top Sure Investments, Inc. ("Plaintiff"), is a real estate investment corporation
    formed under Nevada law, with a principal place of business in Virginia, conducted busi-
    ness in the District of Columbia and did give Defendant Marck Properties Group, LLP
    ("Marck Properties") a $93,592.15 loan ("Gap-Funding Loan") and a $15,000.00 advanced
    construction draw ("Advanced Construction Draw") in a joint venture used to buy and re-
    model for resale the real property commonly known as 4922 7th Street, N.W., Washington,
    D.C. 20011 ("Property).

2.  The Property at issue, to which Plaintiff has a claim to, is fully described to as:

    Lot Numbered Ninety-Four (94) in Morris Cafritz's subdivision of Lots in Square
    Numbered Thirty-One Hundred Seven (3147), as Per Plat recorded in the Office of
    the Surveyor for the District of Columbia in Liber 76 at folio 179.

3.  Marck Properties is a limited liability partnership formed under Maryland law that
    bought distressed homes for remodeling and resale in the District of Columbia and Mary-
    land, and did buy the Property with the gap-funding loan described hereto Plaintiff made to
    it.

4.  Defendant Robert A. Moore, LLC ("Moore LLC") is a limited liability company formed
    under the laws of Maryland that bought distressed homes and remodeled for resale in the
    District of Columbia and Maryland, and was a partner of Marck Properties at all times rel-
    evant hereto.

5.  Defendant Robert A. Moore ("Defendant Moore") was an authorized managing mem-
    ber of Robert A. Moore of Moore LLC and member partner of Marck Properties who per-

4

sonally solicited, and received the gap-funding loan described hereto from Plaintiff used to complete the purchase the Property.

6.      Defendant William L. Jones, LLC ("Jones LLC") is a limited liability company formed under the laws of Maryland that bought distressed homes and remodeled for resale in the District of Columbia and Maryland and was a partner of Marck Properties at all times relevant hereto.

7.      Defendant William L. Jones ("Defendant Jones") was an authorized managing member of William L. Jones, LLC and member partner of Marck Properties who used the gap-funding loan and an advanced construction draw solicited from Plaintiff to purchase and rehabilitate the Property.

8.      Defendant Clearview Settlement Solutions, LLC ("Clearview") is a limited liability company formed under the laws of Maryland that conducted real estate settlements in the District of Columbia and Maryland and conducted settlement for the purchase of the Property and received the gap-funding monies from Plaintiff to complete the purchase of the Property by Marck Properties.

9.      Defendant Holly Edelstein ("Defendant Edelstein") was the managing member of Clearview who conducted closings in the District of Columbia and Maryland and personally conducted the settlement for the purchase of the Property and provided direction and instruction to Plaintiff regarding wiring the gap-funding monies to complete the purchase of the Property by Marck Properties.

10.     Upon information and belief, Defendant MRC Investments, LLC ("MRC") is a limited liability company formed under the laws of Maryland that developed and rehabilitated real property in Maryland and the District of Columbia and is holder of a promissory note secured by a Purchase Money Deed of Trust on the Property recorded in the District of Co-

lumbia land records at document number 2013095362-1 executed by Marck Properties, Moore, LLC and Jones, LLC ("MRC Deed of Trust"). Other than its' declaratory judgment, reformation and equitable lien claims, Plaintiff is not seeking any other relief against it.

11. Upon information and belief, Defendant Hard Money Bankers, LLC ("Hard Money") is a limited liability company formed under the laws of Maryland that provided mortgage and lending services in the District of Columbia and Maryland and provided such services during the settlement of the Property. Other than its' declaratory judgment, reformation and equitable lien claims, Plaintiff is not seeking any other relief against it.

12. Upon information and belief, Defendant Benjamin P. Smith, Esquire and Defendant Stephen A. Metz, Esquire of Shulman, Rogers, Gandal, Pordy & Ecker, P.A. are attorneys in good standing licensed to practice law in the District of Columbia and were appointed as Substitute Trustees under the MRC Deed of Trust by a October 29, 2014, Appointment of Substitute Trustees' Deed, recorded in the District of Columbia land records on November 12, 2014 at document number 2014104234. Other than the declaratory judgment, reformation and equitable lien claims, Plaintiff is not seeking any claims against them and are named in this suit only as necessary parties because they hold bare legal title to the Property.

13. Defendant District of Columbia Sewer and Water Authority may claim a lien interest in the Property by a August 26, 2014, lien recorded on August 29, 2014 in the District of Columbia land records as Instrument Number 2014079440.

### JURISDICTION AND VENUE

14. This court has jurisdiction over this action under 28 U.S.C. 1332 because there is complete diversity of citizenship between Plaintiff and Defendants; Plaintiff is not a resident of

the District of Columbia or Maryland, and the amount in controversy exceeds $75,000.

15.    Venue is proper in this District under 28 U.S.C. 1391(b)(2) because the Property which is the subject of the legal dispute, is located in the District of Columbia.

### ALLEGATIONS COMMON TO ALL COUNTS

16.    In or around September 2012, Plaintiff's President, Bryan Topscher and Vice President, Jennifer Topscher ("Topschers"), continuing their real estate industry education, met Defendant Moore & Defendant Jones at a real estate training course in Arlington, Virginia.

17.    Sharing a mutual interest in real estate investment, the Topschers maintained a relationship with Defendant Moore and Defendant Jones through a real estate meet-up group regularly communicating by email, in person meetings and social media.

18.    In July 2013, Defendant Moore personally presented to Bryan Topscher for Plaintiff two real estate investment opportunities to rehabilitate and resell for a profit, one of which was the Property, where Plaintiff's funds were required to complete their purchases. (See Marck Properties Group Property Presentation for 4922 7th St., N.W. Washington D.C. attached hereto and incorporated herein as Exhibit 1).

19.    Due to amount of funding asked for the investments, Bryan Topscher informed Defendant Moore that Plaintiff would only have funding for a loan for one project.

20.    On or about July 19, 2013, given the representations that Marck Properties already received a loan commitment through Hard Money for the Property, Defendant Moore requested a loan from Plaintiff for a total investment of $110,000.00 with a return of investment of ten (10%) percent by August 6, 2013, which Plaintiff agreed to make.

21.    On July 28, 2013, to ratify the deal and to have collateral as security for the monies being given to Marck Properties, Plaintiff required that a Joint Venture Agreement, promisso-

ry note and 2nd Deed of Trust (samples of which Bryan Topscher sent by email to Defendant Moore) and wiring directions be completed and given to Plaintiff.

22.     The Joint Venture Agreement provided that at the time Plaintiff made its contribution of equity funds, Marck Properties was to deliver a Deed of Trust covering the Property which was subordinate to the senior lien and be recorded concurrently with Plaintiff's deposit of the equity funds. (See the Memorandum Joint Venture Agreement attached hereto and incorporated herein as Exhibit 2, ¶ 5 ).

23.     All parties understood and intended that the Deed of Trust would secure a second lien position for the Plaintiff against the Property.

24.     On August 5, 2013, Defendant Edelstein and Clearview personally sent wiring instructions to Bryan Topscher to send $93,592.15, which were the remaining monies needed to complete the sale of the Property.

25.     On August 6, 2013, prior to wiring the monies, Bryan Topscher asked Defendant Edelstein and Clearwater to assure that the Joint Venture Agreement requiring a Deed of Trust was signed with the correct numbers, and to provide a record of the wire once completed and a copy of the signed HUD-1 for Plaintiff's records.  After the Plaintiff wired the money, the requested documents were never received.

26.     On August 6, 2013, Marck Properties executed a promissory note for $93,592.15 ("Note"), which had a balloon due date of August 1, 2014, a copy of which is attached hereto and incorporated herein as Exhibit 3, which required that it be secured by a Deed of Trust.

27.     On August 6, 2013, contrary to the requirements of the Joint Venture Agreement and the standard practice in the real estate settlement industry when handling a closing and

their fiduciary duties to Plaintiff, Defendant Edelstein and Clearview failed to have a proper Deed of Trust executed and recorded before disbursement of the gap-funding loan.

28.    Upon information and belief, Defendant Edelstein and Clearview only had the sample Deed of Trust (a copy of which is attached hereto and incorporated herein as Exhibit 4) ("Top Sure Deed of Trust") provided by Bryan Topscher executed and notarized which failed to describe the Property.

29.    Defendant Edelstein and Clearview never included the legal description to the Property in the Top Sure Deed of Trust, recorded the security interest against the Property, kept or returned the original document or provided a copy of the document to the Plaintiff.

30.    On August 7, 2013, to get construction immediately started to get access to draws from the repair escrow account, Plaintiff provided to Defendant Jones an advance construction draw in the amount of $15,000.00.

31.    The rehabilitation of the Property lasted through the fall and winter of 2013. After nothing happening regarding resale of the Property at the beginning of the new 2014-year, Bryan Topscher grew concerned that the Property was not reasonably priced.

32.    In January 2014, Bryan Topscher consulted with a seasoned realtor who regularly sold properties in the area where the Property was located.

33.    Mr. Topscher discovered that the offered price for the Property was at least 7%-10% more than the asking prices for comparable properties in the neighborhood where the Property was located and communicated his concerns to Defendant Moore.

34.    After several months of inaction, the Topschers began fearing the worst. On May 9, 2014, Plaintiff communicated to Marck Properties about the amount of money Plaintiff committed to the Property and its expected return.

35. In July 2014, after talking with Bryant Mason of Hard Money regarding the senior lien possibly being foreclosed, Bryan Topscher, whose fear was coming to fruition, contacted Defendant Edelstein and Clearview to confirm if it had the Plaintiff's original Top Sure Deed of Trust to be recorded as the Plaintiff never received the original document or other properly executed Deed of Trust.

36. Defendant Edelstein told Mr. Topscher that only the original Deed of Trust was returned to Hard Money.

37. On August 4, 2014, a year after Plaintiff wired and Clearview disbursed the gap-funding monies and after the Plaintiff's promissory note matured, Defendant Edelstein sent a mobile notary to Defendant Moore for him to execute a proper original Deed of Trust by Marck Properties to which he out-right refused to do.

38. Defendant Moore and Defendant Jones for Marck Properties have refused to execute a corrected Deed of Trust to the Plaintiff despite the Topschers repeated requests for them to do so or repay the loan.

39. On November 12, 2014, MRC caused a Notice of Default of Residential Mortgage to be recorded in the District of Columbia land records at document number 2014104235, albeit as expressed in its' security instrument, the monies given were a commercial loan.

40. Defendant Moore, Defendant Jones, and Marck Properties' breach of the Joint Venture Agreement, Note, Deed of Trust, their fiduciary duties, and mismanagement of the Property have now frustrated Plaintiff's ability to protect its committed funds in the Property.

41. Defendant Moore, Defendant Jones and Marck Properties' refusal to cure the Deed of Trust issues was an attempt to cut Plaintiff out of the deal as there is believed to be equity in the Property. Without a proper 2nd Deed of Trust, Plaintiff would have no collateral for the

gap-funding loan, the advanced construction draw or be able to receive any payment from the surplus from the foreclosure sale of the Property.

42.     Although it intended to hold a second lien position against the Property, Defendant Edelstein's and Clearview's breach of the standard of care in the real estate settlement industry and breach of their fiduciary duties owed to Plaintiff by failing to get a properly executed original Deed of Trust, an original Top Sure Deed of Trust with the correct legal description of the Property, to keep an original said Deed of Trust to be recorded prior to disbursing the gap-funding loan, or have the loan property reflected on the HUD-1, prevented Plaintiff from perfecting or securing this second lien position because the Deed of Trust was not recorded and lose its' investment.

COUNT I
(DECLARATORY JUDGMENT 28 U.S.C. §2201(A))

43.     Plaintiff repleads and incorporates all other paragraphs stated in this Complaint as if fully stated herein.

44.     This is an action for a declaratory judgment to determine the rights of the parties for the purpose of terminating the uncertainty and controversy that exists among the parties with respect to the Property.

45.     There exists and actual and justifiable controversy as to the priority and applicability of Plaintiff's Deed of Trust as a lien against the Property and how Plaintiff's Deed of Trust affects Defendants' interests.

46.     A declaratory decree in this proceeding will terminate the uncertainty and controversy giving rise to this action.

47.     Plaintiff has incurred and will continue to incur attorney's fees and litigation costs prosecuting this case until the controversy is resolved.

48.     The Court should use its' equitable powers to declare that Plaintiff has a second lien position against the Property.

WHEREFORE, for the foregoing reasons, Plaintiff Top Sure Investments, Inc. asks this Court for an Order declaring that:

A.  Plaintiff's August 6, 2013 Deed of Trust is a valid lien in the amount of $93,592.15 against the Property and holds a second lien position to all other liens;

B.  Direct those Defendants to cooperate with all necessary parties to execute a duplicate original Deed of Trust with the correct legal description and any and all documents necessary to record a duplicate executed original Deed of Trust among the District of Columbia Recorder of Deeds to secure its' second lien position;

C.  Appoint a trustee to execute the said Deed of Trust should the Defendants' fail to cooperate within a reasonable time;

D.  Provide any other injunctive or equitable relief as necessary to effect the above-requested Declaration;

E.  Impose a constructive trust on any sale of the Property prior to the resolution of this litigation and

F.  Grant any other and further relief as this Court deems proper and as justice requires.

## COUNT II
### (EQUITABLE LIEN)

49.    Plaintiff repleads and incorporates all other paragraphs stated in this Complaint as if fully stated herein.

50.    At the settlement for the Property conducted by Defendant Edelstein and Clearview, Plaintiff provided $93,592.15 to complete the sale of the Property to Marck Properties. This loan was intended to be secured by a 2nd Deed of Trust on the Property.

51.    As such, equity requires that this Court exercise all of its equitable powers and declare that as of August 6, 2013, Plaintiff holds a second lien position against the Property in the amount of $93,592.15 as was intended by the parties and the Top Sure Deed of Trust.

WHEREFORE, for the foregoing reasons, Plaintiff Top Sure Investments, Inc. asks this Court for an Order declaring that:

A.  Plaintiff's August 6, 2013 Deed of Trust is a valid lien in the amount of $93,592.15 against the Property and holds a second lien position to all other liens;

B.  Direct those Defendants to cooperate with all necessary parties to execute a duplicate original Deed of Trust with the correct legal description and any and all documents necessary to record a duplicate executed original Deed of Trust among the District of Columbia Recorder of Deeds to secure its' second lien position;

C.  Appoint a trustee to execute the said Deed of Trust should the Defendants' fail to cooperate within a reasonable time;

D.  Provide any other injunctive or equitable relief as necessary to effect the above-requested Declaration;

E.  Impose a constructive trust on any sale of the Property prior to the resolution of this litigation; and

F.  Grant any other and further relief as this Court deems proper and as justice requires.

COUNT III
(REFORMATION)

52.   Plaintiff repleads and incorporates all other paragraphs stated in this Complaint as if fully stated herein.

53.   Plaintiff and Defendants Marck Properties, Moore, LLC, Jones, LLC, Defendant Moore, Defendant Jones, Hard Money and MRC intended and agreed that Plaintiff would get a second position legal interest in the Property when it paid the $93,592.15 to complete the sale of the Property.

54.   Plaintiff and Defendants Marck Properties, Moore, LLC, Jones, LLC, Defendant Moore and Defendant Jones intended and agreed that Plaintiff would have a second position legal interest in the Property when Defendant Marck Properties executed the Joint Venture, Note and Top Sure Deed of Trust contractual agreements and Plaintiff paid the $93,592.15, which without said monies the purchase never would have happened.

55.   On August 6, 2013, due to Defendant Edelstein and Clearview's failure and/or omission to have it properly executed, the Top Sure Deed of Trust when signed failed to contain a correct legal description of the Property and was not recorded in the District of Columbia land records.

56.   After discovery of the lack of the legal description, Plaintiff contacted Defendants Marck Properties, Moore, LLC, Jones, LLC, Defendant Moore, Defendant Jones and Defendant Edelstein and Clearview to request that a corrected Deed of Trust be executed containing the correct legal description of the Property and for it to be recorded. Despite the request and contrary to what was mutually agreed to, and despite Defendant Edelstein and Clearview sending a mobile notary with a proper corrective Deed of Trust to Defendant

14

Moore to be signed to resolve the issue, Defendants Marck Properties, Moore, LLC, Jones, LLC, Defendant Moore, and Defendant Jones refused.

57.    As a result of the mutual mistake, which was the correct legal description of the Property not being in the Top Sure Deed of Trust or a properly prepared Deed of Trust containing said description being executed by Marck Properties, Plaintiff is entitled to reform the Top Sure Deed of Trust or have a corrective Deed of Trust signed and recorded in the District of Columbia land records to conform to the agreed upon intentions of the parties.

WHEREFORE, for the foregoing reasons, Plaintiff Top Sure Investments, Inc. asks this Court for an Order declaring that:

A.  Plaintiff's August 6, 2013 Deed of Trust is a valid lien in the amount of $93,592.15 against the Property and holds a second lien position to all other liens;

B.  Direct those Defendants to cooperate with all necessary parties to execute a duplicate original Deed of Trust with the correct legal description and any and all documents necessary to record a duplicate executed original Deed of Trust among the District of Columbia Recorder of Deeds to secure its' second lien position;

C.  Appoint a trustee to execute the said Deed of Trust should the Defendants' fail to cooperate within a reasonable time;

D.  Provide any other injunctive or equitable relief as necessary to effect the above-requested Declaration;

E.  Impose a constructive trust on any sale of the Property prior to the resolution of this litigation; and

F.  Grant any other and further relief as this Court deems proper and as justice requires.

## COUNT IV
### (BREACH OF CONTRACT)
### AGAINST DEFENDANTS MARCK PROPERTIES, MOORE, LLC
### JONES, LLC, DEFENDANT MOORE AND DEFENDANT JONES

58.    Plaintiff repleads and incorporates herein all other paragraphs stated in this Complaint as if fully stated.

59.    As part of the condition for Plaintiff's gap-funding loan under the Joint Venture Agreement (Exhibit 2), Defendants were required to execute and deliver a second lien Deed of Trust which was supposed to be concurrently recorded with Plaintiff's funding of the loan.

60.    Under the Note (Exhibit 3), which was required to be secured by a Deed of Trust, the $93,592.15 and interest were payable in a balloon payment on August 1, 2014 if the Property was not sold.

61.    Additionally, Defendants promised that Plaintiff's advanced construction draw of $15,000.00 paid to Defendant Jones to start rehabilitation to qualify them for future construction draws held in escrow would be repaid to Plaintiff.

62.    Defendants breached the Joint Venture Agreement because it failed to provide Plaintiff a properly executed original Deed of Trust securing its' gap-funding loan and dismissively refused Plaintiff's repeated requests to provide a corrective original Deed of Trust as intended or return the money and properly price and sell the Property.

63.    Defendants breached the Note because they failed to repay any principal or interest when the Note matured on August 1, 2014 and failed to sell the Property.

64.    Defendants also breached their promise to repay Plaintiff's advanced construction draw because Plaintiff was never repaid the $15,000.00 given to Defendant Jones to start work on the Property.

65.    Defendants' breach of the Joint Venture Agreement, Note and promise regarding the advanced construction draw were material breaches because the central purpose for Plaintiff's providing the monies under the contracts were affected, which was to be repaid the principal of, and a profit on the gap-funding loan.

66.    Defendants' breach of the Joint Venture Agreement, Note and promise regarding the advanced construction draw breached the implied duties of good faith and fair dealing because Plaintiff never was repaid his principal investment, the expected return and the advanced construction draw paid.

67.    Plaintiff has incurred a loss of $108,592.15, which was proximately caused by, and is fairly and reasonably certain from Defendants' breach of their agreements with Plaintiff.

WHEREFORE, Plaintiff Top Sure Investments, Inc. demands judgment against Defendant Marck Properties Group, LLP, Defendant Robert A. Moore, LLC., Defendant William L. Jones, LLC, Defendant Robert A. Moore, and Defendant William L. Jones, in the amount of $108,592.15, plus pre-judgment interest, post-judgment interest, attorney's fees and costs as provided by contract; a constructive trust be imposed on proceeds of any sale of the Property for the aforesaid amounts and for other and further relief this Court deems proper.

## COUNT V
### (UNJUST ENRICHMENT)
### AGAINST DEFENDANTS MARCK PROPERTIES, MOORE, LLC
### JONES, LLC, DEFENDANT MOORE AND DEFENDANT JONES

68.   Plaintiff repleads and incorporates all other paragraphs stated in this Complaint as if fully stated herein.

69.   Plaintiff performed a valuable service and conferred a benefit on Defendants because it gave the gap-funding loan and advanced construction draw to the Defendants to allow them to complete the purchase of the Property and begin construction to rehabilitate it, which without them, the deal would never have happened.

70.   Defendants knew of the services and benefit given and accepted and used the benefits and services given to them by Plaintiff because Defendants used Plaintiff's loan to buy the Property and the advanced construction draw to complete some of the rehabilitation work.

71.   Defendants knew that Plaintiff expected to be paid by Defendants because Plaintiff gave them the monies as a loan to be repaid and was the beneficiary under the Top Sure Deed of Trust and Note.

72.   Defendants have retained the benefits conferred on them by Plaintiff as to make it unjust for them to retain the spoils of the deal because the monies given to Defendants were never repaid in any manner to Plaintiff and Defendants still own the Property.

WHEREFORE, Plaintiff Top Sure Investments, Inc. demands judgment against Defendant Marck Properties Group, LLP, Defendant Robert A. Moore, LLC., Defendant William L. Jones, LLC in the amount of $108,592.15, plus pre-judgment interest, post-judgment interest, attorney's fees and costs; a constructive trust be imposed on proceeds of any sale of the Property for the aforesaid amounts and for other and further relief this Court deems proper.

COUNT VI
(CONVERSION)
AGAINST DEFENDANTS MARCK PROPERTIES, MOORE, LLC
JONES, LLC, DEFENDANT MOORE AND DEFENDANT JONES

73.    Plaintiff repleads and incorporates herein all other paragraphs stated in this Complaint
as if fully stated.

74.    Plaintiff owned the gap-funding monies paid to Defendants and had a right to control
the $93,592.15 because he owned them.

75.    Plaintiff owned the $15,000.00 advanced construction draw paid to Defendants and had
a right to control these monies because he owned them.

76.    Defendants intentionally, willfully with malice, substantially and unlawfully interfered
with Plaintiff's property interests in the gap-funding loan and exercised ownership, domin-
ion control over it in a manner that amounted to depriving it of that property and its' rights
thereto because Defendants took it to purchase the Property, without repaying Plaintiff the
$93,592.15 plus a return, giving Plaintiff the original Top Sure Deed of Trust or an equiva-
lent proper Deed of Trust in the Property to secure the monies, and cause such lien to be
recorded with the District of Columbia land records.

77.    Defendants intentionally, willfully with malice substantially and unlawfully interfered
with Plaintiff's property interests in the advanced construction draw and exercised owner-
ship, dominion control over it in a manner that amounted to depriving it of that property
and its' rights thereto because Defendants used the $15,000.00 to rehabilitate the Property
without repaying Plaintiff the $15,000.00 to it.

78.    Plaintiff did not consent to, or permit Defendants to take the $93,592.15 to purchase the
Property without repayment or without providing the original Top Sure Deed of Trust or
an equivalent proper Deed of Trust to secure the monies or said lien not being recorded in
the District of Columbia land records.

79.   Plaintiff did not consent to, or permit Defendants to take the $15,000.00 to rehabilitate the Property without repayment.

80.   Despite Plaintiff's requests to return gap-funding loan, to correct the defective Top Sure Deed of Trust, or return the advanced construction draw, Defendants have refused to do so.

WHEREFORE, Plaintiff Top Sure Investments, Inc. demands judgment against Defendant Marck Properties Group, LLP, Defendant Robert A. Moore, LLC., Defendant William L. Jones, LLC, Defendant Robert A. Moore and Defendant William L. Jones in the amount of actual damages of $108,592.15, and punitive damages in the amount of $325,776.45 plus pre-judgment interest, post-judgment interest, attorney's fees and costs; a constructive trust be imposed on proceeds of any sale of the Property for the aforesaid amounts and for other and further relief this Court deems proper

### COUNT VII
### (NEGLIGENCE – BREACH OF FIDUCIARY DUTY)
### AGAINST DEFENDANTS MARCK PROPERTIES, MOORE, LLC
### JONES, LLC, DEFENDANT MOORE AND DEFENDANT JONES

81.   Plaintiff repleads and incorporates herein all other paragraphs stated in this Complaint as if fully stated.

82.   A fiduciary relationship existed between Plaintiff and Defendants because they were partners of Plaintiff in the purchase of, the rehabilitation, and re-sale of the Property.

83.   As partners of Plaintiff, Defendants had a duties of utmost loyalty, and were to use good faith, fair dealing, diligence, competence with, and make full disclosures of known information that are significant and material to Plaintiff regarding securing the gap-funding loan, and the rehabilitating, pricing and resale of the Property.

84.   Defendants breached these duties by failing to: provide Plaintiff with the original Top Sure Deed of Trust or a properly executed Deed of Trust containing the correct legal de-

20

scription of the Property and causing it to be recorded with the District of Columbia land records to secure Plaintiff's gap-funding loan; confirm that the HUD-1 properly reflected Plaintiff's gap-funding loan given to Defendants; completing the rehabilitation of the Property within a reasonable time; competitively price the Property on the real estate market comparable to the real property located in the neighborhood where the Property was situated; consult with Plaintiff to determine the marketing method and offered price for said Property, which Defendant Moore and Defendant Jones personally did without Plaintiff's consideration; repay the advanced construction monies; and comply with the practice and custom in the Property rehabilitation and resale industry.

85.     As a direct and proximate result of the Defendants' breach of their fiduciary duties, Plaintiff has suffered damages and complete loss of its investment in the Property.

WHEREFORE, Plaintiff Top Sure Investments, Inc. demands judgment against Defendant Marck Properties Group, LLP, Defendant Robert A. Moore, LLC., Defendant William L. Jones, LLC, Defendant Robert A. Moore and Defendant William L. Jones in the amount of actual damages of $108,592.15, and punitive damages in the amount of $325,776.45 plus pre-judgment interest, post-judgment interest, attorney's fees and costs; a constructive trust be imposed on a proceeds of any sale of the Property for the aforesaid amounts; and for other and further relief this Court deems proper.

COUNT VIII
(NEGLIGENCE- BREACH OF FIDUCIARY DUTY)
AGAINST DEFENDANT EDELSTEIN AND CLEARVIEW

86.    Plaintiff repleads and incorporates herein all other paragraphs stated in this Complaint as if fully stated.

87.    Defendants Edelstein and Clearview owed to Plaintiff a duty to conduct the settlement of the purchase of the Property according to the standard of care in the real estate settlement industry

88.    Defendants also owed to Plaintiff fiduciary duties of good faith, fair dealing, loyalty, skill, competence and diligence because Defendants acted as the closing agent for Plaintiff, and accepted the transfer of Plaintiff's gap-funding loan wired to Clearview's escrow account, under the personal instruction and direction of Defendant Edelstein, to complete the sale of the Property.

89.    Defendants breached that duty and failed to adhere to the real estate settlement industry standard and breached their fiduciary duties by failing to: get a properly executed Deed of Trust securing the gap-funding loan prior to disbursing Plaintiff's gap-funding loan and recording it with District of Columbia land records; confirm that the Top Sure Deed of Trust had the correct legal description when executed, record the Top Sure Deed of Trust in the D.C. land records and return the original to Plaintiff; get a proper Deed of Trust from Defendant Marck Properties, Defendant Moore, LLC., Defendant Jones, LLC, Defendant Moore and Defendant Jones; have the HUD-1 properly reflect Plaintiff's loan knowing Plaintiff was going to provide the funds to complete the sale of the Property; and comply with the ordinary practice, custom and usage in the real estate settlement industry.

90.    As a direct and proximate result of the Defendants' breach of duty to the real estate settlement industry standard and their fiduciary duties, Plaintiff has suffered damages and a complete loss of its investment in the Property.

WHEREFORE, Plaintiff Top Sure Investments, Inc. demands judgment against Defendant Defendant Clearview Settlement Solutions, LLC, Defendant Holly Edelstein in the amount of $93,592.15, plus pre-judgment interest, post-judgment interest, a constructive trust be imposed on proceeds of any sale of the Property for the aforesaid amounts and for other and further relief this Court deems proper.

COUNT IX
(BREACH OF CONTRACT)
AGAINST DEFENDANT EDELSTEIN AND CLEARVIEW

91.   Plaintiff repleads and incorporates herein all other paragraphs stated in this Complaint as if fully stated.

92.   Defendant Edelstein and Clearview entered into a contract with Plaintiff to conduct the real estate settlement whereby Plaintiff was to provide a gap-funding loan to allow the sale of the Property to be completed by Marck Properties.

93.   Defendant Edelstein and Clearview breached this agreement and the implied duties of good faith and fair dealing, when they failed to: get a properly executed Deed of Trust securing Plaintiff's gap-funding loan prior to disbursing the loan monies to Hard Money and recording it with District of Columbia land records; confirm that the Top Sure Deed of Trust had the correct legal description of the Property, record the said security instrument in the D.C. land records and return the original to Plaintiff; and have the HUD-1 properly reflect Plaintiff's loan knowing Plaintiff was going to provide the funds to complete the sale of the Property

94.   Defendants' breach of this contract was material because the central purpose for Plaintiff's providing the monies was affected, which was for Plaintiff to be fully secured when it made the gap-funding loan.

95.     As a direct and proximate cause of the breach, Plaintiff has incurred a loss of $93,592.15, which is fairly and reasonably certain.

WHEREFORE, Plaintiff Top Sure Investments, Inc. demands judgment against Defendant Defendant Clearview Settlement Solutions, LLC, Defendant Holly Edelstein in the amount of $93,592.15, plus pre-judgment interest, post-judgment interest, a constructive trust be imposed on proceeds of any sale of the Property for the aforesaid amounts and for other and further relief this Court deems proper.

Respectfully Submitted,

By: /s/ Michael A. Coogen, Jr.
    Michael A. Coogen, Jr. No. 467384
    COOGEN LAW, PLLC
    5015 6th St. North
    Arlington, VA 22203
    Tel. (571) 969-1664
    Facsimile (703) 991-9104
    mcoogen@coogenlaw.com

Attorneys for Top Sure Investments, Inc.