# MEMORANDUM
## JOINT VENTURE AGREEMENT

Set forth below in outline form are the basic terms proposed for the joint venture acquisition, rehabilitation and flip sale by the undersigned parties of selected single family REO property(ies) located in 4922 7th Street, NW, Washington, DC 20011_____ (individually, a "Property").

1.   **Parties.**   The   joint   venture   parties   are   MARCK   Properties   Group, LLP_____ or his designated limited liability entity ("BUYER") and _Top Sure Investments_ or his assignee and designated limited liability entity ("INVESTOR").

2.   **Roles and Responsibilities.** BUYER shall acquire and hold title to the Property in his name but on behalf of the joint venture between the parties (the "Venture"). BUYER shall be responsible for identifying, acquiring, rehabbing and selling the Property. INVESTOR shall be responsible for contributing and providing equity funds for use in acquiring, repairing and carrying the Property through the date of resale, upon the terms set forth herein.

3.   **Equity Funds.** INVESTOR shall contribute the sum of $ 93,592.15_ as equity funds to be used, together with the $_400,000__ proceeds of a hard money loan (the "Loan"),  from _Hard Money Bankers_ ("Lender") for (i) acquisition ($_369,323.00____), (ii) repair ($_98,964.00___) and (iii) closing fees and costs related to the acquisition ($32929.44__).  BUYER shall be responsible   for   funding   repair   costs   in   excess   of   the   $_98,964.00 __ estimated budget, and BUYER and INVESTOR shall fund carrying costs on the Loan.

4.   **Preference Return; Allocation of Profit and Loss; Distributions.**  Each party shall be entitled to receive a preferential allocation of profits in an amount equal to a 10% return ("Preferred Return") on equity funds contributed by such party, measured from and after the date contributed. Losses shall be allocated between the parties in accordance with their respective Percentage Interests, which shall be 50% for BUYER and 50% for INVESTOR. Profits shall be allocated first to the parties pro rata in accordance with their respective accumulated Preferred Return amounts, until distributions equal to total the Preferred Return amount have been received. Thereafter, remaining Profits shall be allocated pro rata in accordance with Percentage Interests.

     Distributions of cash not needed for joint venture purposes, including net sale proceeds upon resale of the Property, shall be made as follows:

     (a)   First, pro rata to the Venturers in payment and satisfaction of their accrued cumulative Preferred Return;

     (b) Next, pro rata to the Venturers in payment and return of their capital contributions; and

     (c)   Thereafter, pro rata to the Venturers in accordance with their Percentage Interests.



**Plaintiff's Exhibit**

Top Sure v. Marck Properties, et al.

**2**

5.     Collateral Security.  At the time INVESTOR makes his contribution of equity funds. BUYER shall execute and deliver to INVESTOR, as beneficiary. a second lien deed of trust covering the Property (the "Deed of Trust"), which shall be subordinate only to the senior lien in favor of Lender. The Deed of Trust shall be recorded concurrently with the deposit of equity funds by INVESTOR with the escrow holder handling the purchase of the Property. The Deed of Trust shall secure the obligation of BUYER. on behalf of the joint venture, to make distributions to INVESTOR in return of his capital contribution amount, and in payment of his Preferred Return and his share of profits.

6.     Authority; Limitations.  In furtherance of the acknowledged mutual goal of minimizing risk and accomplishing a prompt and early resale of the Property following completion of repairs, BUYER's authority and discretion to make decisions with regard to resale of the Property and what price and terms to accept shall be subject to the following limitations:

        (a)     Except as otherwise provided in subparagraphs 6(b) and 6(c) below, any sale of the Property shall require the mutual consent of both Venturers.

        (b)     Unless INVESTOR otherwise agrees or a previous offer has been accepted, BUYER shall be required to accept any offer received on or after thirty (30) days but before sixty (60) days following completion of repairs. from a qualified purchaser with no financing contingency, provided that the offered price is at least equal to 97.5% of the after repair value of the Property as approved by Lender.

        (c)     Unless INVESTOR otherwise agrees or a previous offer has been accepted, BUYER shall be required to accept any offer received after sixty (60) days following completion of repairs, from a qualified purchaser with no financing contingency, provided that the offered price is at least equal to 95% of the after repair value of the Property as approved by Lender.

7.     Tax Accounting; Capital Account Restoration.  The parties acknowledge and agree that (a) the joint venture shall be treated as a partnership for tax purposes, and (b) for state law purposes the joint venture shall be treated as a general partnership. To the extent BUYER has a negative capital account following sale of the Property and winding up of the joint venture, BUYER shall be responsible for restoring its capital account. The proceeds of such contribution by BUYER shall be distributed to INVESTOR in return of a portion of his capital contributions. BUYER and any other individual members or shareholders of a limited liability entity substituted by BUYER shall jointly and severally agree to guarantee the obligations of BUYER to contribute funds to eliminate a negative capital account.

8.     Arbitration.  Any action to enforce or interpret this Agreement or to resolve disputes between the parties or by or against any Venturer shall be settled by arbitration in accordance with the rules of the American Arbitration Association. Arbitration shall be the exclusive dispute resolution process. Any party may commence arbitration by sending a written demand for arbitration to the other parties. Such demand shall set forth the nature of the matter to be resolved by arbitration. Arbitration shall be conducted at Fort Washington, MD. The substantive law of the State of Maryland shall be applied by the arbitrator to the resolution of the dispute. The

parties shall share equally all initial costs of arbitration. The prevailing party shall be entitled to reimbursement of attorney fees, costs, and expenses incurred in connection with the arbitration. All decisions of the arbitrator shall be final, binding, and conclusive on all parties. Judgment may be PAGE A-66.1 entered upon any such decision in accordance with applicable law in any court having jurisdiction thereof.

9.    <u>Miscellaneous</u>.

(a)    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

(b)    This Agreement shall be construed and enforced in accordance with the internal laws of the State of Maryland. If any provision of this Agreement is determined by any court of competent jurisdiction or arbitrator to be invalid, illegal, or unenforceable to any extent, that provision shall, if possible, be construed as though more narrowly drawn, if a narrower construction would avoid such invalidity, illegality, or unenforceability or, if that is not possible, such provision shall, to the extent of such invalidity, illegality, or unenforceability, be severed, and the remaining provisions of this Agreement shall remain in effect.

(c)    This Agreement shall be binding on and inure to the benefit of the parties and their heirs, personal representatives, and permitted successors and assigns.

(d)    Except as provided herein, no provision of this Agreement shall be construed to limit the Ventures in any manner in the carrying on of their own respective businesses or activities.

IN WITNESS WHEREOF, the parties have executed or caused to be executed this Agreement on the day and year first above written.

"BUYER"
_MAROK Properties Group,LLP_____
By: _____
Name: Robert A. Moore, LLC_____
Title: Principal_____

"Investor"

_____

By:_____
Name:_____
Title:_____