# DEED OF TRUST

Date:            AUGUST 1, 2013

Grantor: Marck Properties Group, LLP

Grantor's Mailing Address: **10125 Colesville Road, #309, Silver Spring, MD 20901**
Trustee: Robert S. Pope, ESQ

Trustee's Mailing Address: 24730 Clock, Tower Square, Aldie, VA 20105

Beneficiary: TOP SURE INVESTMENTS, INC

Beneficiary's Mailing Address: *3604 Canoe Birch Ct, Fairfax, VA*

Note: $$ 93,592.12 **(change to match real estate lein plus 3 months interest)**

        Date: August 1, 2013

        Amount: $ __$ 93,592.12_____ *same as above note amount*

        Maker: *Marck Properties Group, LLP*

        Payee: *Robert S. Pope, Esq*

        Terms of Payments: Principal and interest (10%) are payable in a balloon due one year (August 1, 2014) or upon sale of said property when all the principal and interest will be paid in full.

Property (including any improvement):

    Legal Description: *Property Legal Description goes here*

Prior Lien(s) (including recording information): None

Other Exceptions to Conveyance and Warranty: This conveyance is made and accepted subject to the following matters, to the extent the same are in effect at this time: a) any and all restrictions, covenants, conditions, rights-of-way, prescriptive rights and easements, if any, relating to the hereinabove described Property, but only to the extent that they are still in effect, and shown of record in the hereinabove mentioned county and state; b) to all zoning laws, regulations and ordinances of municipal and/or governmental authorities, if any, but only to the extent that they are still in effect relating to the hereinabove described Property; and c) taxes for the current year, the payment of which Grantee assumes.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the


Plaintiff's Exhibit

Top Sure v. Marck Properties, et al.

4

covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

## GRANTOR'S OBLIGATION

Grantor agrees to:
1. Keep the property in good repair and condition;
2. Pay all taxes and assessments on the property when due;
3. preserve the lien's priority as it is established in this deed of trust;
4. Maintain, in a form acceptable to Beneficiary, an insurance policy that: Covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing
    a. Provides fire and extended coverage, including windstorm coverage;Protects Beneficiary with a standard mortgage clause;
    b. Provides flood insurance at any time the property is in a flood hazard area; and
    c. Contains such other coverage as Beneficiary may reasonable require;

5. Deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;
6. Keep any buildings occupied as required by the insurance policy;
7. If this is not a first lien, pay all prior lien instruments; and
8. If at any time any Beneficiary desires to sell the Note secured by this Deed of Trust, Grantor agrees to and shall promptly execute any and all documents necessary for Beneficiary to obtain a current credit report and other credit information regarding Grantor.

## BENEFICIARY'S RIGHT

1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Beneficiary may apply and proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.
4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.
5. If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, Beneficiary may:

    a. Declare the unpaid principal balance and earned interest on the note immediately due;

   b. Request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
   c. Purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

6. At any time any Beneficiary has the absolute right to sell the Note secured by this Deed of Trust and to transfer the Note and Deed of Trust to the new Purchaser.

**TRUSTEE'S DUTIES**

If requested by Beneficiary to foreclose this lien, Trustee shall:

1. Either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;
2. Sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and
3. From the proceeds of the sale, pay, in this order:

   a. Expenses of foreclosure, including a commission to Trustee of 5% of the bid;
   b. To Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
   c. Any amounts required by law to be paid before payment to Grantor; and
   d. To Grantor, any balance.

**GENERAL PROVISION**

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchase, subject to an action for forcible detainer.
2. Recitals in any Trustee's deed conveying the property will be presumed to be true.
3. Proceeding under this Deed of Trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.
4. This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.
5. If any portion of the note cannot be lawfully secured by this Deed of Trust, payments shall be applied first to discharge that portion.
6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note.

Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.

7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts al long as Grantor is not in default under the note or this Deed of Trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this Deed of Trust, but if the rent and other income and receipts exceed the amount due under the note and Deed of Trust. Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this Deed of Trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this Deed of Trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this Deed of Trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, credited on the principal of the debt or, if the principal of he debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9. When the context requires, singular nouns and pronouns include the plural.

10. The term "note" includes all sums secured by this Deed of Trust.

11. This Deed of Trust shall bind, insure to the benefit of, and be exercised by successors in interest of all parties.

12. If Grantor and Maker are not the same person, the term Grantor shall include Maker.

13. Beneficiary understands that the Note is executed by the Grantor in the capacity of a Trustee, and not in an individual capacity. Beneficiary understands that the sole asset of the Trust is the Property described in this instrument. Beneficiary understands and agrees that in the event of default by the Grantor, the sole remedy of Beneficiary shall be to foreclose the lien on the Property. Neither the Trustee, nor the Grantor, shall have any personal liability for payment of the Note.

14. Grantor agrees to furnish to Beneficiary evidence that al taxes and insurance on the property have been paid to their respective agencies when due.

SIGNED the sixth__6__ day of AUGUST, 2013___.

Robert A. Moore, LLC
Marck Properties Group, LLP

STATE OF Maryland )

COUNTY OF Montgomery

This instrument was acknowledged before me on the __6th__ day of August, 20_13_, by __Robert A Moore__ Buyer's Name.

NOTARY PUBLIC, STATE OF Maryland

My commission expires: __09/23/2015__

AFTER RECORDING RETURN TO:
*Lender's Name*
*Lender's Address*